IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIM WALTON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0337-P |
| | § | |
| JOHN PROCTOR, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Lim Walton, a Dallas resident, generally alleging that defendants wrongfully deprived him of his property and forged his name to the transfer documents. On February 26, 2008, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. When plaintiff failed to timely answer the interrogatories, the magistrate judge recommended that the case be dismissed for want of prosecution. *See* Mag. J. Rep. & Rec., 5/6/08. That recommendation was vacated after plaintiff belatedly filed his interrogatory answers. *See* Order, 5/19/08. The court now

determines that this case should be summarily dismissed for lack of subject matter jurisdiction or, alternatively, on limitations grounds.

II.

Although his complaint and interrogatory answers are difficult to decipher, plaintiff apparently believes that he was defrauded by John Proctor, a real estate agent, and Gloria Wilson in connection with the sale of his property located at 3102 Holmes Street in Dallas, Texas. According to plaintiff, Wilson, aided by Proctor, fraudulently signed a deed transferring the property without his knowledge or consent, which forced him into bankruptcy. (*See* Mag. J. Interrog. #1(b) & 4). Plaintiff sues for unspecified damages.

A.

Before this action proceeds, the court must consider the threshold issue of subject matter jurisdiction. Federal district courts are courts of limited jurisdiction and may hear only those cases authorized by a federal statute, treaty, or the United States Constitution. *See Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S.Ct. 459 (2001). In determining whether federal subject matter jurisdiction is proper, the court must accept all factual allegations in the complaint as true. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 1059 (2002). Dismissal is warranted if those allegations, together with any undisputed facts and the court's resolution of disputed material facts, establish that there is no basis for subject matter jurisdiction. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

1.

In his interrogatory answers, plaintiff contends that this case is properly brought in federal court because he previously filed for bankruptcy. (*See* Mag. J. Interrog. #2). This argument

implicates 28 U.S.C. § 1334(b), which provides, in pertinent part:

> [T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the bankruptcy statute], or arising in or related to cases under title 11.

28 U.S.C. § 1334(b). An action is "related to" a bankruptcy proceeding "if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir.), *cert. denied*, 128 S.Ct. 613 (2007), citing *In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995).

The court takes judicial notice that plaintiff filed for Chapter 13 bankruptcy on November 25, 2002. However, that proceeding was dismissed on January 27, 2003, and closed six months later. *See In re Walton*, No. 02-80520-BJH (Bankr. N.D. Tex. Jan. 27, 2003). In light of the fact that plaintiff's bankruptcy case has been closed for more than four years, federal jurisdiction is not proper under section 1334(b).

2.

Nor is there any other basis for federal subject matter jurisdiction. Claims involving fraud, including fraud in a real estate action, arise under state law, not federal law. *See Saadat v. Landsafe Flood Determination, Inc.*, 253 Fed.Appx. 343, 344-45, 2007 WL 3230411 at *1-2 (5th Cir. Nov. 1, 2007). Federal diversity jurisdiction is not proper, as plaintiff and both defendants are citizens of Texas. *See* 28 U.S.C. § 1332(a)(1). For these reasons, this case should be dismissed for lack of subject matter jurisdiction.

B.

Even if plaintiff could bring this action in federal court, his claim is barred by limitations. Under Texas law, claims involving fraud are governed by a four-year statute of limitations. *See* TEX.

CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (Vernon 2002). The limitations period begins to run when the plaintiff discovers, or in exercise of reasonable diligence should have discovered, the fraudulent conduct. *See KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d 746, 749 (Tex. 1999). Here, the deed allegedly forged by Gloria Wilson is dated January 17, 2002. (*See* Mag. J. Interrog., Attch.). Plaintiff filed for bankruptcy, ostensibly as a result of this fraud, on November 25, 2002. Therefore, at the very latest, plaintiff either knew or should have known of the facts giving rise to his fraud claim as of the date he filed for bankruptcy. Yet he did not sue Wilson or Proctor until February 26, 2008--more than *five years* later. It is clear from the face of the pleadings that this claim is time-barred. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction or, alternatively, on limitations grounds.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 21, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE